UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

       Plaintiff,

   v.

PINON APARTMENT INVESTORS,

       Defendant.

_____/

NO. CIV. S-12-1269 LKK/DAD

**STATUS (PRETRIAL SCHEDULING) CONFERENCE**

READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

Pursuant to court order, a Status (Pretrial Scheduling) Conference was held in chambers on October 29, 2012.  Scott N. Johnson appeared as counsel for plaintiff; Michael D. Welch appeared as counsel for defendant.  After hearing, the court makes

1

1   the following findings and orders:

2       **SERVICE OF PROCESS**

3       All parties defendant have been served and no further service
4   is permitted except with leave of court, good cause having been
5   shown.

6       **JOINDER OF PARTIES/AMENDMENTS**

7       No further joinder of parties or amendments to pleadings is
8   permitted except with leave of court, good cause having been shown.
9   See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir.
10  1992).

11      **JURISDICTION/VENUE**

12      Jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1343 and
13  1367, is undisputed and is hereby found to be proper, as is venue.

14      **MOTION HEARING SCHEDULES**

15      All law and motion except as to discovery is left open, save
16  and except that it shall be conducted so as to be completed by
17  February 28, 2014.  The word "completed" in this context means that
18  all law and motion matters must be **heard** by the above date.
19  Because this date is not necessarily a date previously set aside
20  for law and motion hearings, it is incumbent upon counsel to
21  contact this court's courtroom deputy, Ana Rivas at (916) 930-4133,
22  sufficiently in advance so as to ascertain the dates upon which law
23  and motion will be heard and to properly notice its motion for
24  hearing before that date.  Counsel are cautioned to refer to Local
25  Rule 230 regarding the requirements for noticing such motions on
26  the court's regularly scheduled law and motion calendar.

**Opposition or statement of non-opposition to all motions shall be
filed not later than 4:30 p.m. fourteen (14) days preceding the
hearing date, or by proof of service by mail not less than
seventeen (17) days preceding the hearing date.** This paragraph
does not preclude motions for continuances, temporary restraining
orders or other emergency applications, and is subject to any
special scheduling set forth in the "MISCELLANEOUS PROVISIONS"
paragraph below.

At the time of filing a motion, opposition, or reply, counsel
are directed to email a copy in word processing format to lkk-
pleadings@caed.uscourts.gov.

The parties should keep in mind that the purpose of law and
motion is to narrow and refine the legal issues raised by the case,
and to dispose of by pretrial motion those issues that are
susceptible to resolution without trial. To accomplish that
purpose, the parties need to identify and fully research the issues
presented by the case, and then examine those issues in light of
the evidence gleaned through discovery. If it appears to counsel
after examining the legal issues and facts that an issue can be
resolved by pretrial motion, counsel are to file the appropriate
motion by the law and motion cutoff set forth supra.

**Unless prior permission has been granted, memoranda of law in
support of and in opposition to motions are limited to thirty (30)
pages, and reply memoranda are limited to fifteen (15) pages. The
parties are also cautioned against filing multiple briefs to
circumvent this rule.**

1   Where the parties bring motions for summary judgment, the
2   court will deem facts which are apparently undisputed as undisputed
3   under Fed. R. Civ. P. 56(d), unless specifically reserved and that
4   party tenders evidence to support the reservation.

5   ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL
6   MOTION AND A FAILURE TO MAKE SUCH A MOTION WILL ORDINARILY BE
7   VIEWED AS A WAIVER AT THE TIME OF PRETRIAL.   COUNSEL ARE CAUTIONED
8   THAT IF ANY LEGAL ISSUE THAT SHOULD HAVE BEEN TENDERED TO THE COURT
9   BY PRETRIAL MOTION MUST BE RESOLVED BY THE COURT AFTER LAW AND
10  MOTION CUTOFF, FOR INSTANCE WHERE THE ISSUE IS JURISDICTION,
11  SUBSTANTIAL SANCTIONS WILL BE LEVIED AGAINST COUNSEL WHO FAIL TO
12  TIMELY FILE AN APPROPRIATE MOTION.

13  Counsel are further reminded that motions in limine are
14  procedural devices designed to address the admissibility of
15  evidence.   COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH
16  DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS
17  IN LIMINE  AT THE TIME OF TRIAL.

18  **DISCOVERY**

19  No modifications of the discovery requirements found in the
20  Federal Rules is ordered.

21  All discovery is left open, save and except that it shall be
22  so conducted as to be completed by December 29, 2013.  The word
23  "completed" means that all discovery shall have been conducted so
24  that all depositions have been taken and any disputes relative to
25  discovery shall have been resolved by appropriate order if
26  necessary and, where discovery has been ordered, the order has been

4

1  complied with.   Motions to compel discovery must be noticed on the
2  magistrate judge's calendar in accordance with the local rules of
3  this court and so that such motions will be heard not later than
4  November 29, 2013.   In this regard, all counsel are to designate in
5  writing and file with the court and serve upon all other parties a
6  final list of the names of all experts that they propose to tender
7  at trial not later than thirty (30) days before the close of
8  discovery herein established.   At the time of designation, all
9  experts shall submit a written report.   The contents of the report
10 must comply with Federal Rule of Civil Procedure 26 (A)(2)(b).   All
11 experts so designated are to be fully prepared to render an
12 informed opinion at the time of <u>designation</u> so that they may fully
13 participate in any deposition taken by the opposing party.   Experts
14 will not be permitted to testify at the trial as to any information
15 gathered or evaluated, or opinion formed, after deposition taken
16 subsequent to designation.

17       An expert witness not appearing on said lists will not be
18 permitted to testify unless the party offering the witness
19 demonstrates:  (a) that the necessity of the witness could not have
20 been reasonably anticipated at the time the lists were exchanged;
21 (b) the court and opposing counsel were promptly notified upon
22 discovery of the witness; and (c) that the witness was promptly
23 proffered for deposition.

24       **MID-LITIGATION STATEMENTS**

25       Not later than fourteen (14) days prior to the close of
26 discovery, all parties shall file with the court and serve on all

1  other parties a brief statement summarizing all law and motion
2  practice heard by the court as of the date of the filing of the
3  statement, whether the court has disposed of the motion at the time
4  the statement is filed and served, and the likelihood that any
5  further motions will be noticed prior to the close of law and
6  motion.  The filing of this statement shall not relieve the parties
7  or counsel of their obligation to timely notice all appropriate
8  motions as set forth above.

9          **FINAL PRETRIAL CONFERENCE**

10         The Final Pretrial Conference is **SET** for June 21, 2014, at
11  1:30 p.m.  Counsel are cautioned that counsel appearing for
12  Pretrial will in fact try the matter.

13         Counsel for all parties are to be fully prepared for trial at
14  the time of the Pretrial Conference, with no matters remaining to
15  be accomplished except production of witnesses for oral testimony.
16  Counsel are referred to Local Rules 280 and 281 relating to the
17  contents of and time for filing Pretrial Statements.  In addition
18  to those subjects listed in Local Rule 281(b), the parties are to
19  provide the court with a plain, concise statement which identifies
20  every non-discovery motion tendered to the court, and its
21  resolution.  A FAILURE TO COMPLY WITH LOCAL RULES 280 AND 281 WILL
22  BE GROUNDS FOR SANCTIONS.

23         The parties shall file Separate Pretrial Statements, the
24  contents and timing of which are set forth in Local Rule 281,
25  except that the parties are to prepare a JOINT STATEMENT with
26  respect to the undisputed facts and disputed factual issues of the

case.   <u>See</u> Local Rule 281(b)(3), (4), and (6).   The parties are reminded to include in their joint statement all disputed and undisputed special factual information as required by Local Rule 281(b)(6).   The joint statement shall be filed not less than seven (7) days before the date set by the court for the holding of the Final Pretrial Conference.

The undisputed facts and disputed factual issues are to be set forth in two separate sections.   In each section, the parties should identify first the general facts relevant to all causes of action.   After identifying the general facts, the parties should then identify those facts which are relevant to each separate cause of action.   In this regard, the parties are to number each individual fact or factual issue.   Where the parties are unable to agree as to what factual issues are properly before the court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy concerning each issue. Each individual disputed fact or factual issue shall include the following introductory language:   "Whether or not . . . ."   The parties should keep in mind that, in general, each fact should relate or correspond to an element of the relevant cause of action. Notwithstanding the provisions of Local Rule 281, the Joint Statement of Undisputed Facts and Disputed Factual Issues is to be filed with the court concurrently with the filing of plaintiff's Pretrial Statement.   If the case is tried to a jury, the undisputed facts will be read to the jury.

1    Pursuant to Local Rule 281(b)(10) and (11), the parties are
2  required to provide in their Pretrial Statements a list of
3  witnesses and exhibits that they propose to proffer at trial, no
4  matter for what purpose.  These lists shall <u>not</u> be contained in the
5  Pretrial Statement itself, but shall be attached as separate
6  documents to be used as addenda to the Final Pretrial Order.
7  Plaintiff's exhibits shall be listed **numerically**; defendant's
8  exhibits shall be listed **alphabetically**.  In the event that the
9  alphabet is exhausted, defendant's exhibits shall be marked "2A-2Z,
10 3A-3Z, etc."  The Pretrial Order will contain a stringent standard
11 for the proffering of witnesses and exhibits at trial not listed in
12 the Pretrial Order.  Counsel are cautioned that the standard will
13 be strictly applied.  On the other hand, the listing of exhibits or
14 witnesses which counsel do not intend to call or use will be viewed
15 as an abuse of the court's processes.

16    Pursuant to Local Rule 281(b)(12), a party is required to
17 provide a list of all answers to interrogatories and responses to
18 requests for admission that the party expects to offer at trial.
19 This list should include only those documents or portions thereof
20 which the party expects to offer in its case-in-chief.  Unless
21 otherwise barred by a rule of evidence or order of this court, the
22 parties remain free to tender appropriate discovery documents
23 during trial for such purposes as, but not limited to, impeachment
24 or memory refreshment.

25    Pursuant to Local Rule 281(b)(8), the parties' Pretrial
26 Statements shall contain a "statement of legal theory, etc."  Each

1 party shall commence this section by specifying as to each claim
2 whether federal or state law governs, and if state law, the state
3 whose law is applicable.

4      Counsel are also reminded that, pursuant to Fed. R. Civ. P.
5 16, it will be their duty at the Pretrial Conference to aid the
6 court in (a) formulation and simplification of issues and the
7 elimination of frivolous claims or defenses; (b) settling of facts
8 which should be properly admitted; and (c) the avoidance of
9 unnecessary proof and cumulative evidence. Counsel must prepare
10 their Pretrial Statements, and participate in good faith at the
11 Pretrial Conference, with these aims in mind. A FAILURE TO DO SO
12 MAY RESULT IN THE IMPOSITION of SANCTIONS which may include
13 monetary sanctions, orders precluding proof, eliminations of claims
14 or defenses, or such other sanctions as the court deems
15 appropriate.

16     **TRIAL SETTING**

17     Trial is **SET** for September 3, 2014, at 10:30 a.m. Trial will
18 be by jury. The parties represent in good faith that the trial
19 will take approximately four (4) days.

20     **SETTLEMENT CONFERENCE**

21     A Settlement Conference will be set before a judge other than
22 the trial judge at the time of the Pretrial Conference.

23     Counsel are cautioned to have a principal capable of
24 disposition present at the Settlement Conference or to be fully
25 authorized to settle the matter on any terms and at the Settlement
26 Conference.

**MISCELLANEOUS PROVISIONS**

The parties are reminded that pursuant to Fed. R. Civ. P. 16(b), the Status (pretrial scheduling) Order **shall not be modified except by leave of court upon a showing of good cause.** Counsel are cautioned that changes to any of the scheduled dates will necessarily result in changes to all other dates.  Thus, even where good cause has been shown, the court will not grant a request to change the discovery cutoff date without modifying the pretrial and trial dates.

**Agreement by the parties pursuant to stipulation does not constitute good cause.  Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause.**

The parties are reminded of their continuing obligation to supplement their statements relative to the identification of parent corporations and any publicly held company that owns 10% or more of the party's stock within a reasonable time of any change in the information.

The parties are admonished that they are not to cite or refer to any of the quotations inscribed in the pavers on the front plaza of the United States Courthouse in any written or oral presentation to the court or a jury.

There appear to be no other matters presently pending before the court that will aid the just and expeditious disposition of this matter.

////

IT IS SO ORDERED.

DATED:  October 30, 2012.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

11